# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

COREY, etc. v. WATSON.

Ohio Appeals, 6th Dist., Lucas Co.

No. 2044. Decided June 18, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**225 CHARGE OF COURT.**
In action to recover damages for alleged false imprisonment, where issue made by pleading involves defensive claim of probable cause, duty of court to charge jury as to law applicable to such defense.

**753. MEASURE OF DAMAGES.**
Any sum awarded as attorney's fees, should be included by jury in verdict as part of compensatory damages, and not as part of exemplary damages.

Error to Common Pleas.
Judgment reversed.

Rowe, Williams & Dillon, Toledo, for Corey.
Fritsche, Kruse & Winchester, Toledo, for Watson.

### FULL TEXT.

LLOYD, J.
The action in the court of common pleas to reverse the judgment entered in which these proceedings in error were instituted, was brought by the defendant in error Hannah Watson as plaintiff against Elias Corey, doing business as Toledo Candy Company, as defendant, to recover damages for an alleged false imprisonment claimed to have been procured and caused by defendant.

In addition to the general denial by defendant of the facts alleged by plaintiff in her petition, the issues made by the pleadings involve the defensive claim by defendant of probable cause for his acts and conduct, and evidence to maintain this issue was offered in his behalf and was received at the trial. The trial judge failing to instruct the jury in his general charge as to the law applicable to the defense thus made, counsel for defendant, at the conclusion of the charge of the court orally requested the court to charge the jury on "the question of probable cause and the effect of probable cause" asking "the court to give the jury this instruction":

"It is the duty of the jury to determine in this case from all the evidence introduced, whether or not there was probable ground of suspicion supported by circumstances sufficiently strong as to warrant a reasonably prudent, cautious man in the belief that the plaintiff was guilty of taking articles from his store. If you find that there was such reasonable ground of suspicion, then, of course, there would

be probable cause, and it would be your duty to find in favor of the defendant."

This request of counsel was refused by the court and exceptions of counsel thereto were duly noted. It was the duty of the court to charge the jury as to the law applicable to the defense made by defendant in his answer, and the failure to do so when requested by defendant was prejudicial error.

The trial judge was not required to give the requested instruction in the exact form suggested by counsel, but it was incumbent upon him to charge the jury correctly as to the issue involved in such language as he deemed appropriate.

In charging the jury as to the measure of damages, the trial judge in his general charge said:

"If you find that plaintiff is entitled to recover exemplary or punitive damages, you may assess as part of such exemplary or punitive damages a reasonable attorney fee to compensate plaintiff's attorney, whose services were necessary to obtain redress for her injuries, if any."

Although not prejudicial error in the instant case, this statement of the law is erroneous for the reason that any sum awarded as attorney's fees is to be included by the jury in its verdict as a part of the compensatory damages and not as a part of the exemplary damages.

Hettinger v. Felstead, 12 Court of Appeals Opinions, Sixth District, unreported, p. 355;

Sly v. Robinson, 20 C.C., N.S., 297.

The judgment of the court of common pleas is reversed and the action remanded to that court for a new trial.

(Richards and Williams, JJ., concur.)